IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DELSHJUAN JONES,

    Petitioner,

    v.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,

    Respondent.

CASE NO. 2:17-CV-192
JUDGE GEORGE C. SMITH
Magistrate Judge Chelsey M. Vascura

## ORDER

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his November 21, 2014 conviction pursuant to his "no contest" plea in the Franklin County Court of Common Pleas on felonious assault. Petitioner asserts that he was denied a fair trial due to admission of identification testimony obtained through the use of an unduly suggestive photo array conducted in violation of O.R.C. § 2933.83 (claim one); and that he was denied a fair trial due to the improper admission of his incriminating statements to police, obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) (claim two). It is the position of the Respondent that these claims lack merit.

Petitioner has filed a *Motion for Leave to Conduct Discovery*. (Doc. 11.) Petitioner seeks an order compelling production of state-court Exhibits A through F, which include the audiotape of the alleged victim; the audiotape of Petitioner; the constitutional rights waiver form; the photo array; a photograph of the victim; and the "first responder letter." The State submitted these exhibits during the hearing on Petitioner's motion to suppress evidence, and they appear to have been made a part of the record on appeal. *See Decision* (Doc. 6-1, PageID# 266-67.)

Respondent, however, opposes Petitioner's discovery request. *Response in Opposition to Motion for Discovery* (Doc. 12.)

A habeas corpus petitioner is not entitled to discovery as a matter of right. *Bracy v. Gramley,* 520 U.S. 899 (1997); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only if "'specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See also Standford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "The burden of demonstrating the materiality of the information requested is on the moving party." *Blankenburg v. Miller,* No. 1:16-cv-505, 2017 WL 3404772, at *1 (S.D. Ohio Aug. 9, 2017) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citing *Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000). "Bald assertions and conclusory allegations do not provide sufficient grounds to warrant requiring the government to respond to discovery or to require an evidentiary hearing." *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017) (citing *Stanford,* 266 F.3d at 460). Where a petitioner fails to make a "fact specific showing of good cause under Rule 6," the court will deny the discovery request as a mere fishing expedition. *Id*.; *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

Moreover, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts also permits federal habeas courts to direct the parties to supplement the state-court record with materials relevant to the Court's resolution of the petition:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

However, the decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the district court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). Such expansion must be limited by the relevance of the proffered materials to the constitutional claims presented.

Respondent has submitted a copy of the transcript of the hearing on Petitioner's motion to suppress evidence. (Doc. 6-2.) The audiotape of Petitioner's interview with police during the time that he signed the *Miranda* rights waiver form and made incriminating statements to police has been made a part of the transcript of the hearing on the motion to suppress evidence. (PageID# 356-88; 389-90.) Likewise, the audiotape made by police of the interview of the alleged victim, Samuel Lacy (PageID# 346-52), and Lacy's identification of Petitioner from the photo array, has been made a part of the transcript of the hearing on the motion to suppress evidence. (PageID# 420-22.) It also includes cross-examination by defense counsel on the contents of the first responder report. (PageID# 443-48.) Therefore, this information has already been made a part of the record before the Court. Although Respondent has not provided a copy of the photo array Petitioner refers to, the state appellate court rejected Petitioner's claim regarding improper admission of his identification as the perpetrator, indicating that "Lacy was

clearly certain that he knew his assailant from the assailant's frequent visits to the Schrock Tavern." *Decision* (Doc. 6-1, PageID# 265.) Therefore, it does not now appear that a copy of the photo array used by police will assist Petitioner in establishing this claim. Moreover, to the extent that Petitioner asserts that police violated state law, this claim does not provide a basis for relief. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Petitioner does not indicate, and it does not appear from the record, the manner in which a photograph of the victim will assist him in establishing his claims.

Therefore, because it appears that the information Petitioner seeks has either already been made a part of the record or will not assist Petitioner in establishing his claims, Petitioner's Motion for Discovery (Doc. 11) is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE